Yongmoon Kim, Esq.
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONNIE L. FAISON, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT LLC; HOWARD L. GEORGE; and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Ronnie L. Faison, by way of Class Action Complaint against Defendants Receivables Performance Management LLC and Howard L. George (and John Does 1 to 10) states:

**I.     NATURE OF THE ACTION**

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA by misrepresenting the amount of the debt and by collecting or attempting to collect unearned fees and costs from Plaintiff and numerous other New Jersey consumers.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

5. Plaintiff Ronnie L. Faison ("Plaintiff" or "Faison") is a natural person residing in Bergen County, New Jersey.

6. Defendant Receivables Performance Management LLC, ("RPM") is a collection agency with its principal place of address located at 20818 44th Avenue West, Suite 140, Lynnwood, Washington, 98036.

7. Defendant Howard L. George ("George") is the chief executive officer of RPM.

8. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants

personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.  FACTS

**A. Background**

10. Defendants are not in the business of extending credit, selling goods or services to consumers.

11. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. The principal purpose of Defendants is the collection of debts.

13. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14. Furthermore, at all times relevant hereto, George, as a principal owner, officer, director, shareholder, and/or managing partner of RPM, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of RPM complained of herein.

15. Defendants have asserted that Plaintiff incurred or owed one or more financial obligations originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

16. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

17. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

18. Defendants contend that the Account was past-due and in default.

19. Defendants are debt collectors.

20. The Account was assigned to Defendants for collecting the Debt.

21. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

**B. Violations of the FDCPA**

22. In attempts to collect the Debt allegedly owed by Plaintiff, Defendants mailed collection letters to Plaintiff on March 14, 2018 and April 19, 2018. A true but redacted copy of the collection letters is attached as *Exhibit A*, which are incorporated by reference.

23. Plaintiff received and reviewed the collection letters.

24. On information and belief, the collection letters are mass-produced, computer-generated, form letters that are prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

25. The collection letters state: "Total Due: $1314.85".

26. However, the balance due to Verizon Wireless was $1114.28.

27. In fact, the balance due to Verizon Wireless was always $1114.28.

28. Therefore, Defendants misrepresented the balance of the Debt.

29. Further, nowhere in the letters does it state that there is a fee or cost of $200.57 that was added to the "[t]otal due" amount.

30. In fact, the only statement that the collection letters include about the debt is that they "are willing to accept 50% of the 'total due' shown above as settlement in full. The

remaining 50% of your outstanding balance will be forgiven if your payment of $657.43 is received on or before 04-30-18."

31. There was absolutely no disclosure about fees or costs.

32. Defendants' March 14, 2018 and April 19, 2018 collection letters failed to itemize the specific monetary amount it sought to collect for collection costs or fees.

33. Defendants' March 14, 2018 and April 19, 2018 collection letters failed to state whether the undisclosed collection costs or fees were due to Defendants, the creditor, or some other entity.

34. $200.57 was an anticipated compensation for collecting the Debt.

35. $200.57 was a contingent fee agreed to by Defendants and the creditor when the entire balance of the Debt was collected by Defendants.

36. Defendants were entitled to the $200.57 if and only if the entire balance was collected by Defendants.

37. Since Defendants had not collected the entire balance, Defendants were not entitled to the additional $200.57.

38. Upon information and belief, $200.57 bears no relation to the costs actually incurred by Defendants or the creditor in their attempts to collect the Debt. It is highly improbable that Defendants had incurred $200.57 for sending collection letters to Plaintiff.

39. The inclusion of the additional $200.57 to the "total due" line item intended to falsely convey that Defendants are legally and/or contractually permitted to charge $200.57 for fees and costs when in fact such a fee/cost is neither authorized by contract nor permitted by law.

40. The inclusion of $200.57 is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that the balance increased to $1314.85, when in fact the balance had not increased.

41. Defendants add $200.57 to inflate the balance of the Account.

42. By inflating the balance of the Debt to $1314.85, the 50% "savings" is factually false.

43. The representations on the letters are materially false, deceptive, and misleading in that, *inter alia*, it falsely represents that Defendants are legally and/or contractually allowed to charge and collect the additional $200.57 at the time the collection letters were sent.

44. Defendants intended that the materially false statements contained on its letters would cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed.

45. The additional $200.57 constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by law.

46. Therefore, the collection letters deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

47. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

48. Defendants used the same procedures that they employed in sending the collection letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V.    CLASS ACTION ALLEGATIONS

49.    This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses in the State of New Jersey to whom, beginning March 14, 2018, through and including the final resolution of this case, Defendants sent one more letters in attempts to collect a debt in the same or similar form as Exhibit A.

50.    Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

51.    Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

52.    The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

53.    There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

    A.    Whether Defendants are debt collectors under the FDCPA;

      B.    Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).; and

      C.    Whether Plaintiff and the class are entitled to damages.

54.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

55.    The claims of the Plaintiff are typical of the claims of the members of the class.

56.    The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

57.    Plaintiff does not have interests antagonistic to those of the class.

58.    The class, of which Plaintiff is a member, is readily identifiable.

59.    Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

60.    The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

61. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

62. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

63. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

64. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

65. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

66. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

67. The collection letters are "communications" as defined by 15 U.S.C. § 1692a(2).

68. Defendants violated the FDCPA, including but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

69. The violations of the FDCPA described herein constitute *per se* violations.

70. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ronnie L. Faison demands judgment against Defendants Receivables Performance Management LLC and Howard L. George as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and The Law Office of Ronald I. LeVine, Esq. as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1), including to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: March 14, 2019

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*